UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JANVIERE CARLIN, *et al.*,

        Plaintiffs,

        v.

CENTERS FOR DISEASE CONTROL
AND PREVENTION, *et al.*,

        Defendants.

Case No. 22-cv-800 (CRC)

## MEMORANDUM OPINION

In February 2020, with COVID-19 about to surge worldwide, the Secretary of the

Department of Health and Human Services ("HHS") declared a public health emergency aimed

at controlling the spread of the pandemic. See Determination of Public Health Emergency, 85

Fed. Reg. 7316-01 (Feb. 7, 2020). Over the ensuing three years, federal agencies over two

Presidential administrations took numerous measures they thought were necessary to safeguard

the public against the virus. One of those measures, promulgated by the Centers for Disease

Control ("CDC"), was a February 2021 order requiring individuals to wear masks while

"traveling on any conveyance into or within the United States" and while "at any transportation

hub . . . within the United States." See Requirement for Persons to Wear Masks While on

Conveyances and at Transportation Hubs, 86 Fed. Reg. 8025, 8029 (Feb. 3, 2021).

The plaintiffs in this case are ten commercial airline pilots who object to this mask

mandate. Proceeding pro se, they filed suit in March 2022 challenging the mandate on various

legal grounds. As relief, they seek a declaration of the mandate's unlawfulness, vacatur of the

CDC's order, and a permanent injunction against its enforcement. A month after the suit was

filed, Judge Kathryn K. Mizelle in the Middle District of Florida vacated the mask mandate

nationwide. See Health Freedom Def. Fund, Inc. v. Biden, 599 F. Supp. 3d 1144, 1178 (M.D. Fla. 2022). With the pilots no longer restrained by the mandate and an appeal pending before the Eleventh Circuit, this Court stayed proceedings in this case pending resolution of the appeal and denied the pilots' subsequent motion to lift the stay. See Min. Order (June 24, 2022); Order, ECF No. 21 (Aug. 4, 2022). Then, in May 2023, the Secretary of HHS declared the end of the public health emergency. See End of the Federal COVID-19 Public Health Emergency (PHE) Declaration, Ctrs. for Disease Control & Prevention (May 11, 2023), https://perma.cc/7WRG-VEZC. Though Judge Mizelle's decision had already put a stop to the government's *enforcement* of the mandate, the Secretary's declaration immediately triggered the end of the mandate itself. See 86 Fed. Reg. at 8030 ("This Order . . . will remain in effect . . . until the Secretary of Health and Human Services rescinds the determination . . . that a public health emergency exists."). Against this backdrop, the Eleventh Circuit vacated Judge Mizelle's ruling and instructed her to dismiss the case as moot. See Health Freedom Def. Fund v. Biden, 71 F.4th 888, 894 (11th Cir. 2023).

Litigation thus resumed in this case, and the government proceeded to file a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction, arguing that the case is now moot for the same reasons cited by the Eleventh Circuit in Health Freedom. See Defs.' Mot. Dismiss at 1. The pilots oppose dismissal, contending that they still face a threat of the mandate's reinstatement if public health conditions again deteriorate. See Pls.' Opp'n at 6–7.

I.      **Legal Standard**

A motion to dismiss as moot "is properly brought under Rule 12(b)(1) because mootness itself deprives the court of jurisdiction." Indian River Cnty. v. Rogoff, 254 F. Supp. 3d 15, 18

(D.D.C. 2017). When considering a 12(b)(1) motion, "the Court must treat the complaint's factual allegations as true," but has "an affirmative obligation to ensure that it is acting within the scope of its jurisdictional authority." Delta Air Lines, Inc. v. Exp.-Imp. Bank of United States, 85 F. Supp. 3d 250, 259 (D.D.C. 2015) (cleaned up). A court therefore "may consider materials outside the pleadings in deciding whether to grant a motion to dismiss for lack of jurisdiction." Id. (quoting Jerome Stevens Pharms., Inc. v. FDA, 402 F.3d 1249, 1253 (D.C. Cir. 2005)).

## II. Analysis

"Federal courts lack jurisdiction to decide moot cases because their constitutional authority extends only to actual cases or controversies." Iron Arrow Honor Soc'y v. Heckler, 464 U.S. 67, 70 (1983). A case becomes moot "when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." Larsen v. U.S. Navy, 525 F.3d 1, 3 (D.C. Cir. 2008) (quoting Cnty. of Los Angeles v. Davis, 440 U.S. 625, 631 (1979)). A party may lack a legally cognizable interest in the outcome when "intervening events make it impossible to grant the prevailing party effective relief." See Lemon v. Geren, 514 F.3d 1312, 1315 (D.C. Cir. 2008) (quoting Burlington N. R.R. Co. v. Surface Transp. Bd., 75 F.3d 685, 688 (D.C. Cir. 1996)). That is the case here.

As the Eleventh Circuit explained in Health Freedom, the expiration of the challenged mandate has mooted this case. Even accepting the pilots' complaints about masking as true, it is no longer required. Because the mandate has already expired on its own terms, finding it lawful would not reinstate it and finding it unlawful would not enable the Court to vacate it. See Health Freedom, 71 F.4th at 892. Since Health Freedom, the Supreme Court has also summarily vacated and remanded three Court of Appeals decisions on COVID vaccine requirements based on mootness. See Defs.' Notice of Supplemental Authority, ECF No. 32 (citing Payne v. Biden,

3

No. 22-1225, 2023 WL 8531836 (U.S. Dec. 11, 2023); Biden v. Feds for Med. Freedom, No. 23-60, 2023 WL 8531839 (U.S. Dec. 11, 2023); and Kendall v. Doster, No. 23-154, 2023 WL 8531840 (U.S. Dec. 11, 2023)). Likewise, here, there is "nothing for [the Court] to remedy," and the case is presumptively moot unless an exception to mootness applies. See Spencer v. Kemna, 523 U.S. 1, 18 (1998).

The pilots press two mootness exceptions: (1) the government's voluntary cessation of the challenged practice and (2) that an emergency measure of this sort is capable of repetition yet evading judicial review. See Pls.' Opp'n at 2, 4. Finding neither exception applies, the Court will dismiss the case as moot.

A. Voluntary Cessation

The pilots first suggest the Secretary's decision to end the public health emergency constitutes voluntary cessation. Id. at 2. Under the voluntary cessation doctrine, a defendant's own decision to stop the challenged conduct will not deprive a court of the power to hear the case unless "(1) there is no reasonable expectation . . . that the alleged violation will recur, and (2) interim relief or events have completely and irrevocably eradicated the effects of the alleged violation." Larsen, 525 F.3d at 4 (cleaned up). This exception prevents defendants from evading accountability by ceasing challenged conduct during litigation only to "return to [their] old ways" after the case is declared moot. See People for the Ethical Treatment of Animals v. USDA, 918 F.3d 151, 157 (D.C. Cir. 2019) (quoting United States v. Concentrated Phosphate Exp. Ass'n, 393 U.S. 199, 203 (1968)). The defendant shoulders a "heavy burden" of showing that there is no reasonable expectation that its conduct will recur. Id. (citation omitted).

Though the pilots do not refute that the end of the public health emergency triggered the expiration of the mandate, and thereby eradicated its effects, they identify several factors which

4

they believe demonstrate the federal government's clear intention to reinstitute the mandate. Pls.' Opp'n at 5–8. They point to current CDC recommendations which still encourage the use of masks in transportation. Id. at 5. They emphasize the government's defense of the mandate's legality in other cases, especially Health Freedom. Id. at 8. And they highlight statements of prominent public officials, such as President Biden and Dr. Anthony Fauci, cautioning the public about the possibility of another pandemic in the future. Id. at 7, 8. Taken together, the pilots contend, this evidence shows the government's clear intention to reimpose the mandate. The Court disagrees.

The pilots' evidence does not create a reasonable expectation that the mask mandate will be reinstated. First, CDC recommendations are just that—recommendations. As the government points out, there is nothing currently stopping the CDC from turning its recommendations into a mandate, yet it has not done so. Defs.' Reply at 3. Second, the government's arguments in other cases in favor of the mandate's legality do not indicate a desire to reimpose it. As other courts have held, the government's interest in establishing its authority to enact certain measures is insufficient to skirt mootness when a measure is no longer in effect. See, e.g., Calvary Chapel of Bangor v. Mills, 52 F.4th 40, 49–50 (1st Cir. 2022). Finally, President Biden and Dr. Fauci's statements encouraging safe behavior and promoting public preparedness in the event of a future outbreak should be expected from responsible public health officials and do not evince any present intent to reinstate this specific mask mandate. Because there is no reasonable expectation that the mandate will be reissued, and its expiration has eradicated its effects, the voluntary cessation exception does not apply.

B.  Capable of Repetition Yet Evading Review

The pilots also invoke the exception to mootness where challenged conduct is capable of repetition yet evading review.  Pls.' Opp'n at 4.  This narrow exception arises where "(1) the challenged action is in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there is a reasonable expectation that the same complaining party would be subjected to the same action again."  Clarke v. United States, 915 F.2d 699, 704 (D.C. Cir. 1990) (en banc) (cleaned up).  To satisfy this standard, "there must be a reasonable expectation that *the same complaining party* would be subjected to the *same action* again" such that "the same parties will engage in litigation over the same issues in the future."  Pharmachemie B.V. v. Barr Laboratories, Inc., 276 F.3d 627, 633 (D.C. Cir. 2002) (cleaned up) (emphasis in original).  A "mere physical or theoretical" possibility of recurrence is not enough to invoke the exception.  Murphy v. Hunt, 455 U.S. 478, 482 (1982).

Though it is possible that another mask mandate could be imposed for too short a time to reach full judicial review, the pilots' assertion that they themselves will be subject to the same mask mandate in the future is entirely theoretical.  As the Eleventh Circuit recognized in Health Freedom, "since the Public Health Services Act's enactment in 1944, no government authority has ever invoked the law to require masking for common respiratory diseases."  71 F.4th at 893.  Therefore, the pilots cannot reasonably expect the CDC to promulgate mask requirements in the absence of a new pandemic on the scale of COVID-19.  And while "a legal degree confers many advantages," it does not equip the Court "to accurately predict if or when another global respiratory pandemic will infect our shared world."  Id.  Moreover, in such a scenario, the same dispute may not arise between the same parties as "there is no guarantee that . . . such a mandate would come from the CDC as opposed to another agency."  Id. at 894.  Accordingly, there is no

"reasonable expectation" that the CDC's mask mandate will once again affect these particular pilots.

The pilots cite a number of cases where courts have found various pandemic mandates not moot. Pls.' Opp'n at 10–26. But none of them were decided after the end of the public health emergency, and thus they are of no help to the pilots. The D.C. Circuit's unpublished decision in Wall v. TSA, No. 21-1220, 2023 WL 1830810 (D.C. Cir. Feb. 9, 2023), is no different. Wall held that a challenge to the expired masking orders of the Transportation Security Administration ("TSA") was not moot because "it [was] not 'absolutely clear' that the TSA will not reinstitute its masking directives." 2023 WL 1830810 at *2. However, as the government observes, "Wall was both briefed and decided while the COVID-19 public-health emergency declaration remained in full effect." Defs.' Reply at 2. Given that timing, the government acknowledged in Wall that there was a "'more-than-speculative chance that TSA will invoke the same authorities' to readopt another masking directive in the future." 2023 WL 1830810 at *2 (citing TSA's supplemental briefing on mootness). No such likelihood exists here given the expiration of the public health emergency. Accordingly, neither exception to mootness applies and the Court lacks jurisdiction over this case.

## III. Conclusion

For the foregoing reasons, the Court will grant Defendants' Motion to Dismiss. A separate Order will follow.

_____
CHRISTOPHER R. COOPER
United States District Judge

Date: December 22, 2023

7